[No. 761.     August 28, 1899.]

## THE ALLIANCE ASSURANCE COMPANY, Plaintiff in Error, v. BARTLETT & TYLER, Defendants in Error.

SYLLABUS BY THE COURT.

GARNISHMENT—FOREIGN CORPORATION—APPEARANCE BY AGENT—PROCESS—SERVICE—INSURANCE COMPANY—ANSWER TO INTERROGATORIES —JUDGMENT—APPEAL—AFFIRMANCE—DAMAGES.—1.   Where an agent of a foreign corporation on whom process can be served, enters appearance for such defendant corporation, after the period of over three years has elapsed without objection being made to such appearance, it is too late for the corporation to withdraw such appearance, unless it is shown that it had no knowledge of such appearance.

2. An insurance company, when garnished, is bound by its answer to interrogatories filed, which show the amount of money in its hands growing out of a liability for a loss by fire.

3. When garnished, a corporation can avoid all risk and liability by making a proper showing and by paying the money garnished into court to await the order of the court concerning its disposition; and when it does not do so, but appeals, when the judgment below is affirmed it is proper for the supreme court to award damages against it, under section 3142, Compiled Laws of 1897, in addition to the judgment complained of.

*Error*, from a judgment for plaintiffs on the answer of the garnishee to interrogatories filed, to the Second Judicial District Court, Valencia County.   Affirmed, with award for damages.

The facts are stated in the opinion of the court.

SYLVESTER G. WILLIAMS and R. W. D. BRYAN for plaintiff in error.

"To charge the garnishee for a debt due defendant, it must be absolutely payable at present or in future, and not dependent on any contingency at the time of service of process." 8 Am. and Eng. Ency. 1194, 1189; Lovejoy v. Insurance Co., 11 Fed. Rep. 63. See, also, Russell v. Clingan, 33 Miss. 535; 8 Am. and Eng. Ency., supra 1189.

A fire insurance company can not be charged with liability as garnishee while it has an option to rebuild or replace lost or damaged goods. 8 Am. and Eng. Ency. 1191, note 2; Id. 1166, 1167.

The service of process must be properly proved. The mere appearance of the garnishee will not avail. 8 Am. and Eng. Ency. 1118-1121, and notes 3, 4, p. 1120; Hebel v. Insurance Co., 33 Mich. 400.

The act authorizing proceedings against garnishees being in derogation of the common law must be strictly construed. Maynard v. Cornwell, 3 Mich. 309. See, also, Townsend v. Cass, 39 Id. 407; Drake Attach., sec. 451; Wade on Attach., secs. 336, 361, 399; Wap. Attach. 265; Shinn on Garn., secs. 485, 605, 606; Insurance Co. v. Friedman, 11 S. W. Rep. 1046.

The agency to accept service of process limits and defines the agent's power as such. It does not give him authority to enter a general appearance. Osborn v. Bank, 9 Wheat. 739; Brinkman v. Shaffer, 23 Kan. 528.

CHILDERS & DOBSON for defendants in error.

The court below properly rendered judgment against the plaintiff in error upon the answer filed by it as garnishee. Comp. Laws 1897, sec. 2711.

Twenty persons may be named as garnishees in the same writ provided each garnishee therein named is separately

served and separate interrogatories are addressed to him; and the ground that because plaintiff in error only owed one of the defendants while the suit was against both, is immaterial. Altman, Miller & Co. v. Insurance Co., 63 N. W. Rep. 1078.

The court properly overruled the motion of plaintiff in error to dismiss the garnishment proceedings. Selman v. Orr, 12 S. W. Rep. 697.

MILLS, C. J.—The writ of error on which this case is brought before us, was sued out by the Alliance Assurance Company, which had been garnished in a suit brought by the firm of Bartlett & Tyler, against Nellie Holmes, and James H. Holmes, her husband. In the suit judgment was recovered for the sum of $1,100, against the defendant Nellie Holmes. The suit was dismissed as to James H. Holmes. A part of this case has previously been before this court and is reported as Holmes v. Tyler, 8 N. M. 613, and the judgment below was reversed and a new trial granted and on such new trial, on October 7, 1897, judgment was entered against Nellie Holmes in the sum of $1,036.22. From this judgment no appeal was taken and the same became final.

Judgment below was also entered against the garnishee, the Alliance Assurance Company, on November 29, 1897, on the answer filed by it, to the interrogatories propounded by Bartlett & Tyler, in the sum of $457.60, that being the amount of liability of the said Alliance Assurance Company, if any, under and by virtue of said policy and loss  as shown by its answer.

The grounds of error relied on are that the court erred in overruling the motion to dismiss the garnishment proceedings, and that it also committed error in rendering judgment against the plaintiff in error. These assignments may be considered together, for if the garnishment proceedings should have been dismissed it necessarily follows that no judgment should have been entered against that garnishee.

The law of this territory provides that any foreign corporation doing business in this territory shall appoint an agent

GARNISHMENT:
foreign corpora-
tion: appearance
by agent: pro-
cess: service.

upon whom process may be served (sec. 445, Compiled Laws of 1897). The record shows that one W. E. Leonard was appointed such agent and that on the twenty-second day of November, 1893, he entered his appearance in the district court for the Alliance Assurance Company, of London, England, and for himself, as garnishees, and that on December 4, 1893, interrogatories to the garnishees were filed. On June 1, 1894, an ancillary writ of attachment and garnishee process directed to the Alliance Assurance Company of London, England and the Traders Insurance Company, were also sued out. On July 15, 1897, the plaintiff in error filed a motion withdrawing its appearance as garnishee and moved to dismiss the garnishment proceedings, for the alleged reason that the records of the court do not show that any writ of garnishment was ever served on the moveants.

The court we think very properly overruled this motion, for the appearance of their agent, Leonard, without any objection, bound them. There are also in the record an affidavit of the sheriff that he served the garnishment, and also an affidavit of Leonard that he was served with the writ on July 15, 1893. To Leonard's affidavit is attached a copy of the writ of garnishment served upon him, which proves conclusively that the same was served, nor was the plaintiff in error injured by Leonard having appeared for it, for if the appearance had not been entered judgment could have been taken by default. Besides this between the date of the appearance of Leonard, November 22, 1893, and the date of the filing of the motion to dismiss on July 15, 1897, over three and one-half years had elapsed, during which time attorneys for the plaintiff in error had appeared and had taken part in some of the proceedings in the case. They were estopped at that late date, July 15th, 1897, from setting up that Leonard had no right to appear, unless indeed they could show that they had no knowledge of such appearance, which they do not attempt to prove. Their laches are too great. We can find no good reason for sustaining the contention of the plaintiff in error

that the garnishment proceedings should have been dismissed.

We think that the answer of the garnishee justified the court below in rendering the judgment complained of. The answer admits that the amount of loss and damage to the property of Mrs. Holmes, which was in part destroyed by fire and upon which property she carried insurance in the plaintiff in error's company, was determined and agreed between it and Mrs. Holmes and was $1,144 and that the liability of the plaintiff in error's company was the sum of $457.60. Plaintiff in error further says, in answer to the interrogatories:

INSURANCE company: answer to interrogatories.

"Due proofs of the loss referred were made and said garnishee paid the said amount of $457.60 into the registry of this court in pursuance of a judgment which was rendered against the said garnishee in favor of the plaintiff for said amount. Defendant afterwards withdrew said money by order of the court on account of the reversal of the judgment. The sum stated has not been since paid. That this garnishee has since offered to pay the sum of $457.60 into the registry of the court provided said garnishee should be released from all liability to the parties plaintiff and defendant in the above entitled cause. But the conditions of said offer have not been complied with."

It therefore, seems to be clear that the garnishee did have certain moneys in its hands belonging to Mrs. Holmes.

In the hearing before us, counsel for the plaintiff in error did not seriously contend that his client was not liable on the garnishee process for the amount which its answer showed was in its hands, to wit, the sum of $457.60, but claimed that it was only liable for such sum, without any damages being awarded against it in addition, on account of the delay caused by this appeal.

The plaintiff in error might have saved itself from all risk and liability by making a proper showing and by paying the amount it admits it held as garnishee into court to await the order of the court concerning its disposition.

JUDGMENT: appeal: affirmance: damages.

Section 3142 of the Compiled Laws, Revision of 1897, says, "And upon the affirmation of any judgment or decision, the supreme court may award to the appellee or defendant in error such damages, not exceeding ten per cent, on the amount of the judgment complained of, as may be just." This seems to us to be a proper case in which to award damages, and we therefore affirm the judgment complained of and order that the plaintiff in error pay to the defendant in error the sum of $457.60 with interest at the rate of six per cent. per annum from the twenty-ninth day of November, 1897, and ten per cent on the amount of such judgment as damages, together with costs.

McFie, Parker, Crumpacker and Leland, JJ., concur.